UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 03-40065 |
| DOUGLAS LONG, | ) |
| Defendant. | ) |

## ORDER

This case was sent back to this court on limited Remand of Long's sentence in accordance with <u>United States v. Paladino</u>, 401 F. 3d 471 (7th Cir. 2005).

After receiving the Remand, the court studied the presentence report and received briefs from counsel as to whether the court should ask to have the case returned here for a new sentencing hearing. On January 26, 2006, the court held oral argument by phone conference.

The court believes that the sentence imposed at the original sentencing hearing was the correct one, and that a full Remand would serve no useful purpose.

On November 24, 2003, the Defendant entered a conditional plea to charges of Possession of Child Pornography, 18 U.S.C. §2252A(a)(5)(B), and Criminal Forfeiture, 18 U.S.C. §2253.

The Defendant was sentenced by the court on March 18, 2004, to a sentence of 96 months (middle of heightened Guideline range), a 10 year term of supervised release, and a special assessment of $100. The range was so high to reflect the 4 level upward departure for the 13,000-18,000 images of child pornography involved. The middle of the range was selected because of evidence that Defendant, at a point in time after he started downloading child

pornography, and after adopting a Romanian baby, sexually molested the baby on at least one occasion.

As for the sentencing factors contained in 18 U.S.C. §3553, the court finds as follows:

1) The nature and circumstances of the offense were extremely serious. Defendant collected somewhere between 13,000-18,000 images of child pornography over at least a five year period, both at his place of employment and at home. Some of the images involve the rape of a child under the age of 5. Further details are set out in the Presentence Report. Whether the adoption of his daughter had anything to do with his preoccupation with child pornography is difficult to determine. He did, however, admit to improper sexual contact with the baby.

His history and characteristics, other than for these incidents, are all positive. The court at sentencing labeled this component as "story book like." Defense counsel argues that a Remand is appropriate so that the record concerning this positive side of his life can be enhanced as part of the sentencing process. With all due respect to counsel, the court was well informed at the time of sentencing concerning this aspect of his life, including among other things the letters of support which counsel attached to his Remand brief. The sentence the court imposed assumed the very positive nature of the rest of his life. Nothing further would be served if the information in larger quantities were made part of the record. The defendant, in spite of his "story book like" life, chose to download thousands of child pornography images over a period of 5-6 years. At least some of those images involved violent behavior in the form of forced sexual activity by adults against very young children. The Defendant, with the background of the child pornography images in his mind, then engaged in improper sexual conduct with his adopted baby. It would not be speculation, but rather a reasonable inference, to conclude that Defendant's molestation of his adopted daughter would have continued and escalated. See 18

U.S.C. §3553(a)(1).

    2)  Under all the circumstances, a sentence of less than 96 months would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment.  See id. at §3553(a)(2)(A).  At the time of sentencing the court carefully considered the prepubescent status of the minors depicted, the sadistic conduct engaged in with the minors depicted, the Defendant's use of a computer to obtain the images, and the extraordinarily large number of images possessed.  The sentence also took into account the Defendant's unblemished criminal record and the positive aspects of his life.

    3)  A sentence of less than 96 months would not afford adequate deterrence to criminal conduct.  See id. at §3553(a)(2)(B).

    4)  A sentence of less than 96 months would not protect the public from further crimes of the Defendant.  The Defendant admitted to sexually molesting his two-year-old Romanian daughter beginning within months of the adoption.  He adopted this child in 2001, after he had been collecting and storing child pornography for years, including images of forced sexual contact with minors under the age of 5.   So Defendant's conduct passed beyond the possession of child pornography images to the acting out of sexual behavior on a two year old girl who was his daughter.  One would think that a father would protect his daughter, adopted or not, from such conduct at any cost.  It is this court's experience over many years and many cases that, once the offender evolves from looking at pictures to actual sexual molestation of a child, the chances for recurrence are greatly increased.  See id. at §3553(a)(2)(C).  The court believes that if the Defendant is not adequately punished now, he will revert to similar crimes involving children once he is released from custody.

    None of the other provisions of §3553 have any special significance in this case.  The

court finds that the sentence of 96 months is the sentence which is sufficient but not greater than necessary to comply with all of the factors included in §3553.

For all of the reasons stated above, the court chooses not to resentence the Defendant and returns this case to the Court of Appeals.

Entered this 21st day of February, 2006.

s/ Michael M. Mihm
Michael M. Mihm
U.S. District Judge
